# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELVIN ROCKEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HIGH MOUNTAIN OIL ) <br> SERVICES, LLC and ) <br> MARK MCALISTER, ) <br> ) <br> Defendants. ) | Case No. CIV-13-187-SPS |

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The Plaintiff Melvin Rockey sued the Defendants, High Mountain Oil Services, LLC and Mark McAlister, alleging wrongful termination and asserting claims pursuant to Oklahoma statutes and common law in the District Court of Carter County. Arguing that the Plaintiff's claims require interpretation of federal law, the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. The Plaintiff seeks remand to the state court for lack of federal jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the Court finds that the Plaintiff's Motion to Remand and Brief in Support [Docket No. 11] should be granted and that the case should be remanded to the District Court of Carter County.

In his petition filed in state court, the Plaintiff alleged that his termination by the Defendants was "in violation of Oklahoma public policy, specifically the Federal Motor Carrier Safety Administration hours of service regulations as incorporated in the

Oklahoma Administrative Code at § 595.35-1-4(17) and the common law protection from retaliatory discharge[.]" *See* Docket No. 2, Ex. 2, ¶ 4. The Plaintiff also alleged that his "hours of service during the period of August 16, 2012 through August 23, 2012 exceeded the hours-of-service limits imposed by 49 CFR § 395.1 *et seq.* and Okla. Admin. Code § 595.35-1-4(17)." *See id.* at ¶ 12. The Defendants contend that these allegations will require interpretation of federal law and that a federal question as defined by 28 U.S.C. § 1331 therefore exists in this case. *See, e. g., Smith v. Kansas City Title & Trust Co.,* 255 U. S. 180, 199 (1921) ("The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision."). The Plaintiff, on the other hand, contends that the question here is one of state law, *i. e.*, whether incorporation of federal regulations under the administrative code creates an Oklahoma public policy violation which gives him an otherwise-unavailable claim for wrongful discharge.

The Court finds that the references to federal regulations in the Plaintiff's petition do not raise a federal question for purposes of removal. As the Defendants themselves acknowledge in their Motion to Dismiss Plaintiff's First Cause of Action [Docket No. 8], the crucial issue in this case is whether Oklahoma law recognizes a wrongful discharge claim on the facts of this case, *i. e.*, whether the Plaintiff may assert a claim under *Burk v. K-Mart Corp.,* 1989 OK 22, 770 P.2d 24 given the availability of a federal remedy under applicable regulations, *see, e. g., Vasek v. Board of County Commissioners of Noble*

*County,* 2008 OK 35, ¶ 27, 186 P.3d 928, 932 ("The question is whether 'a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal.'"), *quoting McCrady v. Oklahoma Department of Public Safety,* 2005 OK 67, ¶ 9, 122 P.3d 473, 475, not how to interpret any particular federal regulations. The Plaintiff's Motion to Remand is accordingly hereby GRANTED, and the case REMANDED to the District Court of Carter County.

**DATED** this 25th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma